UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE ABBOTT, JR.,<br><br>   Petitioner<br><br>  v.<br><br>JOE LIZARRAGA,<br><br>   Respondent. | Case No. EDCV 16-1517-PSG (GJS)<br><br>**ORDER: DISMISSING CASE FOR LACK OF JURISDICTION; AND DENYING CERTIFICATE OF APPEALABILITY** |

  On July 5, 2016, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California ("Petition"). The Petition seeks Section 2254 habeas relief with respect to the restitution portions of sentences imposed in connection with convictions Petitioner sustained in the Riverside County Superior Court in 2003 (Case No. RIF102712) and 2005 (Case No. RIF096431). (Petition at 1.) The Eastern District thereafter transferred the Petition to this District.

  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. The

Court has reviewed the Petition and its attachments carefully.  Having completed its analysis, the face of the Petition demonstrates that Petitioner is not "in custody" pursuant to the two restitution orders he now seeks to challenge.  As a result, the Court lacks jurisdiction over this case, and dismissal is required,[1] for the following reasons.

## BACKGROUND

On June 5, 2003, in Case No. RIF102712, Petitioner was convicted of aggravated mayhem and assault with a deadly weapon stemming from his attack on another prisoner.  On October 29, 2003, he was sentenced to 37 years to life as a Third Strike defendant.  In addition, the trial court imposed restitution pursuant to California Penal Code §§ 1202.4(b), 1202.45, and 2085.5.  (Petition attachment, ECF No. 68 (Abstract of Judgment).  *See People v. Abbott*, 2004 WL 2898155, at *1 (Ct. App. 2004).

On August 15, 2005, in Case No. RIF096431, Petitioner was convicted of attempted murder, first degree burglary, torture, mayhem, and assault with a deadly weapon stemming from his attack on a victim outside of prison.  On September 29, 2005, he was sentenced to 27 years to life plus 15 years, to be served concurrently with his sentence in Case No. RIF102712.  In addition, trial court the imposed a restitution fine of $10,000 and restitution to be paid to the victim of $150,000, pursuant to California Penal Code §§ 1202.4(b), 1202.4(f), and 2085.5.  (Petition

---

[1] It also appears that the Petition is grossly untimely, given that Petitioner challenges restitution orders that issued in 2003 and 2005.  Further, based on a comparison of the Petition's claims with those alleged in the copy of his California Supreme Court habeas petition appended to the Petition, the Petition is not fully exhausted, given that some of his present claims were not raised in the state high court at all and/or, if raised, were raised only as claims of state law error.  As jurisdiction is lacking, however, the Court need not, and will not, resolve these procedural defect issues.

attachment, ECF Nos. 69, 71 (Abstract of Judgment). *See People v. Abbott*, 2008 WL 4639566, at *1 (Ct. App. 2008).

Petitioner filed a habeas petition in the trial court raising some of his present claims, which was denied on December 10, 2015, for failure to state a prima facie factual case. (Petition, ECF Nos. 2, 73-74.) Petitioner then filed a habeas petition in the California Court of Appeal, which was denied summarily on February 10, 2016. (Petition, ECF Nos. 2-3, 78.) Finally, Petitioner filed a habeas petition in the California Supreme Court (a copy of which is attached to the Petition), which was denied on May 11, 2016, with citations indicating that it was untimely and procedurally deficient. (Petition, ECF Nos. 3, 80.)

## THE PETITION

The Petition alleges two Grounds, as well as "supplemental claims." Each of them stems from the above-described state court restitution orders. Ground One alludes to "equal protection" and appears to be based on Petitioner's contention that he is being deprived of equal protection, because a convicted defendant who has received a sentence of life without parole is not subject to the imposition of restitution fines and orders. (Petition, ECF. Nos. 5, 21- 23.) Ground Two alludes to "ineffective assistance of counsel" in connection with these two restitution orders and directs the Court to see the attached "supplemental claim" for an explanation, but the "supplemental claim" fails to identify what counsel did or failed to do that constituted ineffective assistance. (Petition, ECF Nos. 7, 16-30.) Finally, as his "supplemental claim," Petitioner complains that: the trial courts committed state law error in imposing restitution, because they failed to specifically itemize Petitioner's restitution fine and determine his ability to pay restitution; and California's purposes in ordering restitution somehow are inconsistent with a 1986 Supreme Court decision. (Petition, ECF Nos. 23-30.)

## DISCUSSION

Federal district courts are courts of limited jurisdiction, and this Court is under a continuing duty to evaluate its own jurisdiction. *See Augustine v. United States*, 704 F.2d 1074 (9th Cir.1983). Federal courts "are empowered to hear and determine only such causes as Congress has by statute provided." *Van Buskirk v. Wilkinson*, 216 F.2d 725, 737 (9th Cir. 1954). "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears that subject-matter jurisdiction is lacking, the Court "must dismiss the action" and may do so on its own initiative. *See, e.g., Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982). Indeed, federal courts are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine*, 704 F.2d at 1077; *see also Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989).

Petitioner seeks to challenge 2003 and 2005 state court restitution orders pursuant to 28 U.S.C. § 2254. When a habeas petition stems from a state court conviction, a federal court has jurisdiction to consider federal habeas relief only if the petitioner is "in custody pursuant to the" conviction challenged by the petition. 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(a) & (c)(3). The Supreme Court has made clear that, for federal jurisdiction to exist over a Section 2254 petition, the petitioner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per*

*curiam*); *see also Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) (same, and further observing that "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider'" (citation omitted)).  The fact of a state prisoner's physical custody alone is insufficient to confer habeas jurisdiction; rather, jurisdiction exists only if there is a nexus between the petitioner's claim and the allegedly unlawful nature of the custody.  *Id.* at 980.

The claims alleged in the Petition may not be raised in federal habeas review, because as the Ninth Circuit has made clear, the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated.  In *Bailey*, the petitioner pleaded guilty and was ordered to pay restitution.  He filed a Section 2254 petition in which he alleged that his counsel provided ineffective assistance by not objecting to the restitution order imposed upon him.  The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction.  *Bailey*, 599 F.3d at 977.  The Ninth Circuit concluded that Section 2254 "does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence," such as a restitution order.  *Id.* at 982; *see also id.* at 984 ("we hold that § 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order"); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (observing that, "[i]n general, courts hold that the imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement").

A challenge based on the imposition of a restitution fine – whether direct or indirect – does not provide the requisite jurisdictional nexus.  *Bailey*, 599 F.3d at 981.  The Ninth Circuit has made clear that this Court lacks jurisdiction to consider Petitioner's various challenges to the restitution fines/orders imposed by the trial courts in 2003 and 2005.  *Id.* at 984 ("courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order").

Even if, *arguendo*, Petitioner could prevail on his claims, the only relief he could receive would be a setting aside of the restitution fines and orders – relief that would not affect any restraint on his liberty, and thus, which falls outside the scope of federal habeas under Section 2254.   There is no Section 2254 jurisdiction over the Petition, and therefore, Rule 4 mandates its dismissal.

Accordingly, IT IS ORDERED that:  the Petition is dismissed, with prejudice, pursuant to Rule 4; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED:  8/15/16              _____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE